# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# NORTHERN DIVISION

**BARRY L. HOYT**                                                                                                   **PLAINTIFF**

**V.**                                **NO. 1:17-CV-00010-BD**

**NANCY A. BERRYHILL, Acting Commissioner,**
**Social Security Administration**                                                       **DEFENDANT**

## ORDER

**I.**    **Introduction:**

Plaintiff, Barry L. Hoyt, protectively applied for disability income benefits ("DIB") on January 30, 1991, and he applied for supplemental security income benefits ("SSI") on March 25, 2014. (Tr. at 21) In both applications, he alleged an onset date of January 1, 1991. *Id*. Mr. Hoyt's claims were denied initially and upon reconsideration. *Id*. After conducting a hearing, the Administrative Law Judge ("ALJ") denied Mr. Hoyt's application. (Tr. at 33) The Appeals Council denied his request for review. (Tr. at 1) The ALJ's decision now stands as the final decision of the Commissioner, and Mr. Hoyt has requested judicial review.

**II.**    **The Commissioner's Decision:**

The ALJ found that Mr. Hoyt's date last insured was June 30, 2006. (Tr. at 21) He was first insured for DIB on July 1, 2004. *Id*. Therefore, to be successful on his DIB claim, Mr. Hoyt must establish disability between July 1, 2004 and June 30, 2006. *Id*. The ALJ found insufficient medical evidence to establish disability during that time; thus, the ALJ proceeded with his analysis based upon the SSI claim. (Tr. at 21, 54) Mr. Hoyt's attorney consented to consideration of the SSI claim only. (Tr. at 55).

The ALJ found that Mr. Hoyt had not engaged in substantial gainful activity since

the alleged onset date of January 1, 1991. (Tr. at 23) At Step Two of the five-step process, the ALJ found that Mr. Hoyt had the following severe impairments: organic mental disorder, personality disorder, borderline intellectual functioning, anxiety disorder, and major depressive disorder. *Id*.

After finding that Mr. Hoyt's impairments did not meet or equal a listed impairment (Tr. at 25), the ALJ determined that Mr. Hoyt had the residual functional capacity ("RFC") to work at all exertional levels, with limitations. (Tr. at 27) He could understand, remember, and carry out simple work-related tasks; make judgments in simple work-related situations; respond appropriately to coworkers and/or supervisors with occasional incidental contact that is not necessary to perform the work; respond appropriately to minor changes in usual work routine; and have no direct or indirect contact with the general public. *Id*.

The ALJ found that Mr. Hoyt had no past relevant work. (Tr. at 31) At Step Five, the ALJ relied on the testimony of a Vocational Expert ("VE") to find that, based on Mr. Hoyt's age, education, work experience and RFC, jobs existed in significant numbers in the national economy that he could perform. (Tr. at 31-32) Based on that Step Five determination, the ALJ held that Mr. Hoyt was not disabled. (Tr. at 33)

### III.    Discussion:

The Court's role is to determine whether the Commissioner's findings are supported by substantial evidence. *Prosch v. Apfel*, 201 F.3d 1010, 1012 (8th Cir. 2000). "Substantial evidence" in this context means "enough that a reasonable mind would find it adequate to support the ALJ's decision." *Slusser v. Astrue*, 557 F.3d 923, 925 (8th Cir.

2009)(citation omitted). In reviewing the ALJ decision, the Court must consider not only evidence that supports the decision, but also evidence that supports a contrary outcome. The Court cannot reverse the decision, however, "merely because substantial evidence exists for the opposite decision." *Long v. Chater*, 108 F.3d 185, 187 (8th Cir. 1997) (quoting *Johnson v. Chater*, 87 F.3d 1015, 1017 (8th Cir. 1996)).

    A.   Arguments on Appeal

Mr. Hoyt argues that the RFC finding is not supported by substantial evidence, and that the ALJ did not give proper weight to the opinion of consulting examiner Jerry Cunningham, Psy.D.

A claimant's RFC represents the most he can do despite the combined effects of all of his credible limitations considering all credible evidence. *McCoy v. Astrue*, 648 F.3d 605, 614 (8th Cir. 2011). In determining the claimant's RFC, "the ALJ has a duty to establish, by competent medical evidence, the physical and mental activity that the claimant can perform in a work setting, after giving appropriate consideration to all of [his] impairments." *Ostronski v. Chater*, 94 F.3d 413, 418 (8th Cir. 1996). Here, Mr. Hoyt contends that the RFC did not account for his mental functional limitations.

The record contains scant evidence of significant mental impairments. At various appointments with prison doctors over the span of a ten-year confinement, Mr. Hoyt rarely complained of mental impairments. At one point, he threatened to take all of his "B/P meds," (Tr. at 357), but then he said he was feeling better and had no thoughts of self-harm. (Tr. at 353-360) He was diagnosed with Pedophilia, Borderline Intellectual Functioning, and Borderline Personality Disorder, but exhibited a good mood,

3

cooperative attitude, and rational and goal-directed thought process on February 24, 2014. (Tr. at 377). The prison records do not support a finding of disabling mental impairments.

Mr. Hoyt sought treatment fewer than 10 times at Dayspring Behavioral Health ("Dayspring") in 2014 and 2015. (Tr. at 380-418, 475-490). He had generally normal mental status examinations, and reported that he liked to draw, help others, and fish. (Tr. at 479-481). Mr. Hoyt was not always complaint with medications. A failure to follow a recommended course of treatment weighs against a claimant's credibility. *Guilliams v. Barnhart*, 393 F.3d 798, 802 (8th Cir. 2005). In fact, Mr. Hoyt was discharged from services at Dayspring for failure to follow through with treatment recommendations. (Tr. at 404) In spite of non-compliance, he made improvement over this time period. (Tr. at 425, 477)

The only opinion evidence based on clinical examination comes from state-agency consultant Jerry Cunningham, Psy.D. The one-time psychiatric examination took place on July 10, 2015. (Tr. at 439) The report of that indicates that, while Mr. Hoyt appeared somewhat unkempt at the examination, he was cooperative and gave adequate effort. (Tr. at 441) He denied suicidal or homicidal ideations. (Tr. at 442) He was oriented to time, person, place, and situation. *Id.* He could count backward from 20 with no mistakes; and he could make calculations with money. (Tr. at 29, 444) He gave his correct address, social security number, and date of birth. (Tr. at 29)

4

At the hearing before the ALJ, Mr. Hoyt was able to report the length of his prison term down to the day. (Tr. at 45) He also reported that he had performed unskilled labor and played basketball in prison. (Tr. at 29, 335, 343) An ability to work with an impairment shows that the impairment is not disabling. *Harris v. Barnhart*, 356 F.3d 926, 930 (8th Cir. 2004).

In spite of Mr. Hoyt's competent performance on the intelligence-testing portion of the psychiatric exam, Dr. Cunningham opined that Mr. Hoyt would not be able to perform the mental requirements of competitive employment. (Tr. at 445) Dr. Cunningham's own testing, as well as prior normal mental status exams, undermine Dr. Cunningham's opinion. *See Prosch v. Apfel*, 201 F.3d 1010, 1013 (8th Cir. 2000)(the ALJ may discount a treating physician's opinion where he renders inconsistent opinions that undermine his credibility); *Guilliams v. Barnhart*, 393 F.3d 798, 803 (8th Cir. 2005)("physician opinions that are internally inconsistent . . . are entitled to less deference than they would receive in the absence of inconsistencies.") Moreover, the opinion of a consulting physician who examines a claimant once or not at all is not entitled to special weight. *Kirby v. Astrue*, 500 F.3d 705, 709 (8th Cir. 2007).

The ALJ properly gave Dr. Cunningham's opinion little weight, considering that Mr. Hoyt could watch TV, visit with friends, do light cleaning, cook simple meals, and shop in stores. (Tr. at 25, 244-248) Such daily activities undermine his claims of disability. *Shannon v. Chater*, 54 F.3d 484, 487 (8th Cir. 1995); *Edwards v. Barnhart*,

314 F.3d 964, 967 (8th Cir. 2003).

While the ALJ gave Dr. Cunningham's opinion little weight, he ascribed great weight to the opinion of a non-examining psychological consultant, who opined that Mr. Hoyt would be limited to unskilled, simple work. (Tr. at 94) This opinion informed the ALJ's RFC determination, which appropriately reflected the evidence in the record as a whole. The ALJ properly considered sparse psychiatric treatment, non-compliance with treatment, normal mental status exams, activities of daily living, and competence on mental function exams in finding Mr. Hoyt not disabled.

**IV.  Conclusion:**

There is substantial evidence to support the Commissioner's decision to deny benefits. The ALJ did not err in his RFC determination; and he gave appropriate weight to Dr. Cunningham's opinion. The finding that Mr. Hoyt was not disabled within the meaning of the Social Security Act, therefore, must be, and hereby is affirmed. The case is dismissed, with prejudice.

IT IS SO ORDERED this 18th day of October, 2017.

_____
UNITED STATES MAGISTRATE JUDGE